IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCHERBA INDUSTRIES, INC.<br>The Scherba Building<br>2880 Interstate Parkway<br>Brunswick, Ohio 44212, | )<br>)<br>)<br>)<br>) | CASE NO.:<br><br>JUDGE |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | |
| PERPETUAL EVOLUTION<br>DESIGNS LLC<br>1241 Fenn Road<br>Tallmadge, Ohio 44728, | )<br>)<br>)<br>)<br>) | **COMPLAINT FOR<br>COPYRIGHT INFRINGEMENT<br>(Jury Demand Endorsed Hereon)** |
| Defendant. | ) | |

Plaintiff Scherba Industries, Inc. ("Scherba" or "Plaintiff") asserts the following claims against Defendant Perpetual Evolution Designs LLC ("PED" or "Defendant").

## NATURE OF THE ACTION

1. This is a civil action for damages and injunctive relief alleging acts of Copyright infringement under 17 U.S.C. §101 et seq.

## THE PARTIES

2. Plaintiff Scherba is a business incorporated in Ohio, and in good standing, with its primary place of business in Ohio. Scherba does business as Inflatable Images.

3. Upon information and belief, Defendant Perpetual Evolution Designs LLC is an Ohio limited liability company with its principal place of business in northern Ohio. On its website (www.perpetualevolution.com), Defendant PED asserts that it designs and fabricates strikeable targets and analogs for automotive crash avoidance testing and inflatable duct plugs for use in

1

combined cycle power plants. PED further asserts that it designs cold air inflatables and sealed inflatables.

## JURISDICTION AND VENUE

4. This copyright infringement action arises 17 U.S.C. §101 et seq. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 (federal question), and 28 U.S.C. §1338 (acts of Congress related to copyright).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), and this Court may properly exercise personal jurisdiction over Defendant, because the Defendant operates its principal place of business in the State in which this district is located and all or a substantial part of the events or omissions giving rise to the claim occurred in this district.

## BACKGROUND
### Plaintiff's Copyright

6. Scherba, under its trademarked name Inflatable Images, is a full resource manufacturer and promotion fulfillment provider for inflatables of all types, shapes and sizes, and has an established and well-founded reputation for the quality of its services and customer satisfaction.

7. Inflatable Images offers a complete line of product support services designed to aid and assist its clients with highly visible inflatable-based promotions and displays that complement a total advertising campaign.

8. One of Plaintiff's most successful inflatable advertising products is the *Fox Inflatable*. Scherba designed the *Fox Inflatable* for the CARFAX® CARFOX advertising campaign and reproduces and sells its *Fox Inflatable* exclusively to CARFAX. See images below:

2





9. Plaintiff's *Fox Inflatable* is the subject of a Copyright Registration for a 3-dimensional sculpture/inflatable and registered with the United States Copyright Office with a

3

registration number of VA 2-286-303, dated February 7, 2022. See attached Copyright Registration as Exhibit "A".

10. Plaintiff is the exclusive owner of the copyright for the *Fox Inflatable*. The Plaintiff has not authorized PED to reproduce its copyrighted *Fox Inflatable*, or to display, sell, promote and/or distribute a replication of its *Fox Inflatable*.

## Defendant's Infringing Activities

11. On information and belief, and without permission from Plaintiff, PED substantially copied Plaintiff's copyrighted *Fox Inflatable* in all material particulars. See images of PED's inflatable below.



12. On information and belief, and without permission from Plaintiff, PED posted images of its replicated inflatable on at least its *Facebook* page, and intentionally tagged CARFAX to promote its replicated inflatable to the obvious likely purchaser. See image of *Facebook* post below.

4



13. On information and belief, PED reproduced Plaintiff's copyrighted *Fox Inflatable* for its "ongoing advertising campaign", once again tagging CARFAX, the obvious likely purchaser. See image of one of PED's advertisements below.

5



14. On information and belief, PED tagged CARFAX in each instance with the intent and for the purpose of procuring CARFAX's business and generating profit for PED; and quite possibly for the purpose of interfering with Scherba's business.

15. PED's acts have caused, and will continue to cause damages and irreparable injury to Plaintiff through:

    a.    continued copyright infringement of Plaintiff's *Fox Inflatable* and/or the effectuation of new and further infringements;

    b.    lost profits and/or opportunities; and

    c.    damage to Plaintiff's reputation.

6

16. PED acted willfully or knew or should have known that its actions constitute infringement.

17. Plaintiff has suffered damages and is in danger of suffering further damages from PED's unlawful practice.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### Violation of 17 U.S.C. §101 et seq.

18. Plaintiff incorporates by reference the allegations of paragraphs 1 - 17 of this Complaint.

19. Plaintiff owns a valid copyright for the *Fox Inflatable*, and it has been copied and reproduced by PED for the purpose of its ongoing advertising campaign and to sell it to CARFAX.

20. Plaintiff has the exclusive right to reproduce the *Fox Inflatable*, and the exclusive right to authorize such reproduction and distribution of its *Fox Inflatable*.

21. PED copied and reproduced Plaintiff's copyrighted *Fox Inflatable* for its own commercial use.

22. PED's conduct is in violation of the copyright owned by Plaintiff Scherba Industries, Inc.

23. PED's infringement of Plaintiff's copyright is willful.

24. As a result of Defendant's wrongful conduct, Plaintiff has suffered, and will continue to suffer, substantial damages. Plaintiff is entitled to an injunction against Defendant's continued infringement, as well as to recover statutory and/or actual damages and profits consistent with remedies available under 17 U.S.C. §504(a)(1), and attorneys' fees consistent with remedies available under 17 U.S.C. §505.

## SECOND CAUSE OF ACTION
## INJUNCTIVE RELIEF

25. Plaintiff incorporates by reference the allegations of paragraphs 1 - 24 of this Complaint.

26. PED has already fabricated a copy of Plaintiff's copyrighted *Fox Inflatable*, launched an advertising campaign, and targeted Plaintiff's sales network.

27. PED's commercial use of Plaintiff's copyright constitutes copyright infringement.

28. Unless enjoined from doing so, PED's commercial use of Plaintiff's copyrighted *Fox Inflatable* will cause Plaintiff irreparable harm by depriving it of both the right to control the reproduction, licensing and/or distribution from its copyright and to receive revenue therefrom.

29. Plaintiff is likely to succeed on the merits of its copyright infringement claim, because PED's use of the copyright does not fall within any of the statutory exceptions to copyright infringement and is in violation of copyright.

30. The balance of hardship favors Plaintiff, because PED's earnings will not be severely damaged by its inability to utilize Plaintiff's copyright.

31. Plaintiff is therefore entitled to an injunction barring PED from continued infringement of the Plaintiff's copyright, and other equitable relief as more fully set forth in the Demand for Relief.

## THIRD CAUSE OF ACTION
## DECLARATORY RELIEF

32. Plaintiff incorporates by reference the allegations of paragraphs 1 - 31 of this Complaint.

33. An actual controversy exists between Plaintiff and PED by reason of PED's present and continuing infringement of Plaintiff's copyright as alleged herein.

8

34. Plaintiff is entitled to a judgment declaring that PED's actions are unlawful and, specifically, that PED infringed and may continue to infringe the Plaintiff's copyright in violation of the Copyright Act.

**DEMAND FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A. For declaratory relief stating that Defendant's unauthorized conduct violates Plaintiff's rights under common law and the Federal Copyright Act;

B. For an injunction barring PED, its owners, officers, managers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns, and all others in active concert or participation with them from copying and reproducing Plaintiff's copyright without consent, or otherwise infringing Plaintiff's copyright or other rights in any manner;

C. For permanent injunctive and declaratory relief barring PED from continued infringement of Plaintiff's copyright and/or other equitable relief;

D. For an Order ordering Defendant to account to Plaintiff for all gains, profits, and advantages derived by Defendant by its infringement of Plaintiff's copyright or such damages as are proper;

E. For an Order awarding Plaintiff actual and/or statutory damages for Defendant's copyright infringement in an amount to be determined at trial; and since Defendant intentionally infringed Plaintiff's copyright, for the maximum allowable statutory damages for each violation;

F. For an Order awarding Plaintiff its costs, attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. §505; and

G. For an Order awarding Plaintiff such other and further relief as the Court deems just and proper.

Respectfully submitted,

OF COUNSEL:

*/s/Glenn R. Wilson*
GLENN R. WILSON (0044054)
Gwilson@westonhurd.com
MARK F. KRUSE (0029989)
Mkruse@westonhurd.com
**Weston Hurd LLP**
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114-1862
Telephone: (216) 241-6602
Facsimile: (216) 621-8369

**JURY DEMAND**

Plaintiff, as provided by Rule 38 of the Federal Rules of Civil Procedure, requests trial by jury in the above-captioned matter.

Respectfully submitted,

OF COUNSEL:

*/s/Glenn R. Wilson*
GLENN R. WILSON (0044054)
Gwilson@westonhurd.com
MARK F. KRUSE (0029989)
Mkruse@westonhurd.com
**Weston Hurd LLP**
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114-1862
Telephone: (216) 241-6602
Facsimile: (216) 621-8369

## VERIFICATION

I, David Scherba, being first duly sworn, affirm that I am the co-owner/operator of Plaintiff. I hereby affirm that, to the best of my knowledge, all of the allegations in this Complaint are true, except for those asserted to be based on information and belief, and as to those, I believe them to be true.

Dated: 2-22-22

STATE OF OHIO

COUNTY OF Medina

The foregoing instrument was acknowledged before me this February 22 2022 (date) by David Scherba (name of officer or agent, title of officer or agent) of Scherba Industries INC (name of corporation acknowledging) a Ohio (state or place of incorporation) corporation, on behalf of the corporation.

Notary Public Mary B. Frazier - Ohio

Printed Name: _____

My Commission Expires:

4-16-24

MARY B. FRAZIER
Notary Public, State of Ohio
My Comm. Expires 04/16/2024
Recorded in Cuyahoga County